# WENCESLAO VARGAS

*v.*

# AMERICAN RAILROAD COMPANY.

PARENT'S RECOVERY FOR DEATH OF CHILD FROM NEGLIGENCE.

1. Parent not dependent, wholly or partially, on child for support, cannot recover for death of latter.
2. An employee of an independent contractor cannot recover against the principal of the latter for negligence of the former, or of his employees not chargeable to the principal.
3. If the principal was in control, wholly or partially, however, or was negligent as to any materials or machinery furnished by him, and the defects in which brought about the injury to the employee of the contractor, then the principal is liable.
4. A workman assumes the ordinary risks of his employment, but not against defects in appliances or means furnished him to do the work; and the employer is bound to furnish such appliances or means as are reasonably safe.
5. The act of the legislature of Porto Rico of March 1st, 1902 (R. S. of Porto Rico, arts. 322–333), limits recovery in suits for damages by parent for death of child on whom he was dependent for support to $3,000.
6. Plaintiff cannot recover if deceased was guilty of contributory negligence, unless the employees of the company could, notwithstanding the negligence of deceased, have prevented the accident.

---

*Death—action by parent.* The authorities relating to the common-law right of action of parent, for loss of services of child killed, are presented in editorial note to Gulf, C. & S. F. R. Co. v. Beall, 41 L. R. A. 807.

*Master and servant—injury to servant of third person.* In editorial note to Cleveland, C. C. & St. L. R. Co. v. Berry, 46 L. R. A. 33, the authorities bearing on the right of a servant to recover damages from persons other than his master for injuries received in the performance of his duties, including cases where the injured servant is at work for an independent contractor, are fully presented and discussed.

Vargas v. American R. Co.

7. In fixing the measure of damages the jury may take into account the earning capacity of the deceased, the probable duration of his life, and actual need of dependent parent.

December 12, 1903.

———

*Mr. Herbert E. Smith* for plaintiff.

*Messrs. Dexter & Hord* for defendant.

HOLT, Judge, gave the following charge to the jury:

Gentlemen of the Jury:—My duty, before you consider the facts in this case, is to instruct you as to the law of it. You are bound to accept what I say to you as the law of the case. Equally, upon the other hand, it is your province to determine the facts.

This is what is known as an action on the case, and, as you have learned from the testimony, it is one by the parent for the killing of his child by alleged negligence on the part of the defendant; he claiming—and that being the ground upon which he sues—that he was dependent upon that child for a support. Whether he was or not, you determine from all the testimony. If he was not dependent, either wholly or to some extent, on the deceased for his support, then he cannot recover.

The plaintiff sues, claiming that on the 30th day of May, 1903, his son, then sixteen years old, as the testimony tends to show, was in the employ of this company as a water carrier for the hands who were constructing its road; and that, being in the employ of the defendant company, he was injured by reason of the defective character of the material or appliances that were furnished to construct the work, and through the neglect of the

servants of the company who were operating the cars and building the road; and that his son was in the exercise of reasonable care upon his part at the time he was injured.

It becomes necessary that you should consider the case in two lights.

The first is whether the plaintiff's son was in the employ of the defendant company at the time, or in the employ of someone else and independent of the control of the agents of the company. I can, perhaps, best give you the law in this respect by illustration. For instance, I am the owner of the lot upon which that house is situated yonder, and I employ one of you gentlemen to build me a house upon it. Of course, after it is finished it is with me whether I will receive the house or not; but I make a contract with you to build that house,—you are to employ the labor and do the work and to complete it satisfactorily; in other words, you are to do the entire work, and I to pay you for it, I to determine if I will receive it. In the building of it, you erect a scaffold in a defective manner; the ropes are not strong enough; and one of the men that you employ falls and breaks his leg. Now, in law and in common sense, that man cannot sue me and recover damages for that injury; but he must look to the one that employed him. He must look to the contractor. You must determine in the first place whether this plaintiff's son was in the employ of the defendant company at the time that he was injured,—whether the company was really and in fact controlling and building the embankment.

It may have been doing so in part, and if it was, then it may be liable. For instance, if it had an agent there to see to and control the building of it, if he had power to give orders as to it and to control it in any way, then the defendant would be responsible in the event it was guilty of negligence, as to which I will speak hereafter. You determine whether the defendant

company was really constructing this embankment; whether it was by its agent in control of the work, or was to any extent in control of it; or if the defendant company merely was to receive the work after it was finished; whether it, during the progress of the work, had any agent there to control the progress of its construction. If the defendant company had no control of the men who were constructing it; if it had no right to give any orders relative to the mode and manner of constructing it as the work progressed, but there was a separate and independent contractor who employed the men, and they were under his charge exclusively,—then if the deceased was injured through the negligence of his men, the defendant would not be responsible unless, as I will tell you further on, it had furnished some of the materials or implements by which and through which that work was being constructed, which were defective in their construction, and the injury was thereby caused. If this work was being done under the control of a separate contractor, and the deceased was injured through negligence of his hands, then this defendant is not responsible. But if this defendant was controlling, either wholly or in part, the work, then if there was any negligence on the part of the defendant in the doing of it, or as to the character of materials furnished, and which caused the injury, then the defendant is responsible.

Coming to the second view; that is, if you find that the defendant company was not constructing this work, but it was being done by a contractor, still if the defendant company furnished him any cars or any other appliances for constructing it that were not reasonably proper for that character of work, but were of a defective character, through the negligence of the company, and owing to their defective construction the deceased was injured, then, still the company would be responsible.

A workman who enters upon the discharge of any work un-

.dertakes the ordinary risks of that employment. For illustration: In some of the northern countries there are snows and ice in the winter, and a brakeman is helping to run a train of cars; now he undertakes the increased risk that will occur by reason thereof. Any ordinary risk a workman undertakes; but he does not undertake to protect himself as to the appliances or means that are furnished for the doing of the work. The master or the builder of the work is bound to furnish implements to do that work which are reasonably safe. He is not bound to furnish those of the very highest character of skill, and which will protect against all possible danger, but those which are reasonably calculated for the doing of the work in safety.

If you believe from the testimony that the defendant company was actually building this work, and that, through the defective character of any of the implements, cars or otherwise, the plaintiff's son was injured, they not being of a character reasonably safe for the construction of the work, then you must find for the plaintiff, provided you believe that he was dependent upon his son for his support.

But if you find from the testimony that the defendant company was not constructing this work, but that it was being done by an independent contractor, and that he was in control of it, then you must find for the defendant, unless you believe that the defendant company had furnished some implements for the construction of the work which were defective in their character, and not reasonably safe for the work, and the injury resulted in consequence thereof. In such event, you would still find for the plaintiff, if you find he was dependent upon his son for support.

You are limited, if you find for the plaintiff, by the legislative act giving this right of action, to not more than $3,000.

Vargas v. American R. Co.

If you find for the plaintiff, in determining the amount you take into consideration the extent of the culpability, if there be any, of the defendant company, as to either the management of the cars by its agents, or any tools or implements that it may have furnished for the doing of the work, or the degree of neglect of any of its agents in the construction of the work.

In the second view of the case you must take into consideration the degree of culpability the defendant may have been guilty of, if any, in furnishing cars or other implements, for the construction of the work, of a defective character, through its negligence. If this injury occurred through the negligence of any employees of the defendant company, then the company is responsible unless the deceased exposed himself unnecessarily to the danger, and after so exposing himself the agents of the defendant company had no reasonable opportunity to protect him from the danger.

There is testimony—and I shall not review it all; and if I were to do so it would be your province to correct me if I did so erroneously, because you determine the facts of the case—tending to show that this plaintiff was employed to furnish water for the workmen there. The testimony is conflicting as to whether it was a part of his duty to furnish water to the men who might be employed upon the trestle. If he was in the habit of taking water to the men upon the trestle, and it was known to the agents of the defendant company, if the defendant company was constructing this embankment, that is equivalent to his being instructed to so furnish it.

The defendant company must necessarily act by its agents. It is an artificial being, and can only so act.

There is testimony tending to show that the deceased was getting 20 cents a day, or $6 a month, or $72 a year; that he was sixteen years old; and that this plaintiff has three other children.

Vargas v. American R. Co.

If you should find for the plaintiff, you take into consideration any actual need of the plaintiff depending upon the deceased for his support, shown by the evidence or the circumstances of the case; and in determining the amount, you would consider the capacity of the deceased to earn money, and the probabilities of the duration of his life, he being sixteen years of age at the time of the injury.